**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CHRISTOPHER CARR, Individually and for Others Similarly Situated.<br>　　　　Plaintiffs,<br>v.<br><br>UNIFIRST CORPORATION<br>　　　　Defendant. | CASE NO. _____<br><br>FLSA COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

1. Christopher Carr (Carr) brings this collective action to recover unpaid overtime wages and other damages from Defendant UniFirst Corporation (UniFirst) for himself and all others similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b).

2. Carr worked for UniFirst as a Route Service Representative from approximately November 2018 to February 2021.

3. Carr and the Putative Class Members (as defined below) regularly worked more than 40 hours a week but never received overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead of receiving overtime as required by the FLSA, these workers were misclassified as exempt from the overtime compensation requirements of the FLSA and received a salary.

5. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## I.　　JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. The Court has federal jurisdiction pursuant to 28 U.S.C. § 1332(c) because UniFirst has its principal place of business in this District.

8. Venue is proper in this Court pursuant to 28 U.S.C § 1332(c) because UniFirst was incorporated in and maintains their headquarters in this District.

## II.  THE PARTIES

9. Carr was employed by Defendant from approximately November 2018 to February 2021.

10. Throughout his employment with Defendant, Carr was paid a salary with no (time and a half) overtime compensation.

11. Carr's consent to be a party plaintiff is attached as Exhibit 1.

12. Carr brings this action on behalf of himself and all other similarly situated service employees who were not paid overtime.

13. Each of these workers received a salary per week and did not receive overtime for hours worked in excess of 40 in a workweek in accordance with the FLSA.

14. Throughout his employment with UniFirst, Carr was misclassified as an exempt employee.

15. The putative class under the FLSA of similarity situated employees sought to be certified is defined as follows:

> **All current and former Route Service Representatives of UniFirst Corporation that were paid a salary with no overtime within the last three (3) years.** (FLSA Putative Class Members).

16. The FLSA Putative Class members are easily ascertainable from Defendant's business and personnel records.

17. UniFirst Corporation is a Massachusetts corporation and may be served with process by serving its registered agent, Corporation Service Company: 84 State St., 5th floor., Boston, MA, 02109.

### III.     COVERAGE UNDER THE FLSA

18. At all times hereinafter mentioned, UniFirst has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times hereinafter mentioned, UniFirst has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all times hereinafter mentioned, UniFirst has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cell phones, and office supplies - that have been moved in or produced for commerce by any person and in that UniFirst have had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

21. At all times hereinafter mentioned, Carr and the FLSA Putative Class Members were engaged in commerce or in the production of goods for commerce.

### IV.     FACTS

22. UniFirst is one of the largest providers of "image enhancing" uniforms and work apparel for businesses that currently employs 13,000 individuals and outfits more than 1.5 million workers each business day.[1]

---

[1] *See* https://unifirst.com/company/subsidiaries/ (last visited 08/19/22).

23. Carr worked for UniFirst as a Route Service Representative and delivered packages to UniFirst's customers along various traveling routes.

24. Carr worked for Defendant from approximately November 2018 to February 2021.

25. Throughout his employment with UniFirst, UniFirst paid Carr a salary.

26. Carr and FLSA Putative Class Members who worked for UniFirst were paid a salary and misclassified as exempt employees, and these make up the proposed Putative Class.

27. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work.

28. These so-called exempt employees were paid a salary for each day worked, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

29. This is true even though Carr and FLSA Putative Class Members work over 60 hours a week.

30. Carr and FLSA Putative Class Members work in accordance with the schedule set by UniFirst.

31. Carr's work schedule is typical of FLSA Putative Class Members.

32. Likewise, UniFirst controls Carr and FLSA Putative Class Members' work

33. UniFirst requires Carr and the FLSA Putative Class Members to follow UniFirst's policies and procedures.

34. Carr and FLSA Putative Class Members' work must adhere to the quality standards put in place by UniFirst.

35. Carr and FLSA Putative Class Members are not required to possess any unique or specialized skill set (other than that maintained by all other workers in their respective positions) to perform their job duties.

36. As a Route Service Representative, Carr was responsible for delivering packages to Unifirst's customers.

37. Carr and FLSA Putative Class performed similar duties, including delivering packages and overseeing routes.

38. No advanced degree is required to become a Service Employee, regardless of title.

39. Carr and the Putative Class Members did not have any supervisory or management duties.

40. UniFirst treated these workers as exempt when they should have been treated as non-exempt (paid hourly and a time and a half for OT) under the FLSA.

41. Carr and FLSA Putative Class Members did not perform duties that were exempt managerial duties.

42. Carr and FLSA Putative Class Members delivered packages and/or oversaw traveling routes and contracts.

43. To the extent the service employees make "decisions," such decisions do not require the exercise of independent discretion and judgment.

44. Instead, the employees apply well-established techniques and procedures and use established standards to evaluate any issues.

45. Route Service Representatives do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

46. With these job duties, the technicians are clearly non-exempt employees under the FLSA.

47. Carr's working relationship with UniFirst is similar to UniFirst's relationship with the FLSA Putative Class.

48. UniFirst knew that Carr and FLSA Putative Class Members worked more than 40 hours a week.

49. Defendant's failure to pay overtime to Carr and FLSA Putative Class Members was, and is, a willful violation of the FLSA.

50. Carr and FLSA Putative Class Members worked for UniFirst in the past three years throughout the United States, including in Massachusetts.

51. As a result of UniFirst's pay policies, Carr and FLSA Putative Class Members were denied the overtime pay required by federal law, because these workers are, for all purposes, employees performing non-exempt jobs duties.

52. Because Carr and FLSA Class Members were misclassified as exempt employees by UniFirst, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## V. COLLECTIVE ACTION ALLEGATIONS

53. Carr brings his claim under FLSA as a class action. *See* FLSA 29 U.S.C. 216(b) as a collective action.

54. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

55. Numerous other individuals who worked with Carr indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

56. Other FLSA Putative Class members worked with Carr, and regardless of their precise job title, their job duties were to perform the on-site vehicle repair services in accordance with Defendant's policies, procedures, and regulations.

57. Plaintiff and the Putative Class Members were misclassified as exempt from the overtime compensation requirements of the FLSA.

58. Carr and FLSA Putative Class Members are similarly situated in all relevant respects.

59. Even if their precise job duties varied somewhat these differences do not matter for the purpose of determining their entitlement to overtime.

60. Carr and FLSA Putative Class Members were paid a salary without overtime.

61. Carr and FLSA Putative Class Members worked for Defendant in Wisconsin and the surrounding area.

62. UniFirst's failure to pay wages and overtime compensation at the rates required by federal law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Putative Class Members.

63. The specific job titles or precise job locations of the FLSA Putative Class Members do not prevent collective treatment.

64. Absent this action, many FLSA Putative Class Members likely will not obtain redress of their injuries and Unifirst will reap the unjust benefits of violating the FLSA.

65. Furthermore, even if some of the FLSA Putative Class Members could afford individual litigation against UniFirst, it would be unduly burdensome to the judicial system.

66. Concentrating litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

67. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

68. The questions of law and fact that are common to each FLSA Putative Class Member predominate over any questions affecting solely the individual members.

69. Among the common questions of law and fact are:

   a. Whether Defendant's decision to pay a salary with no overtime compensation violated the FLSA.
   b. Whether Defendant's decision to pay a salary with no overtime compensation to these workers was made in good faith; and
   c. Whether Defendant's illegal pay practice applied to all Class Members.

70. Carr and FLSA Putative Class Members sustained damages arising out of Defendant's illegal compensation policy.

71. Carr knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

72. Defendant is liable under the FLSA for failing to pay overtime to Carr and the FLSA Putative Class Members.

73. As part of their regular business, practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Carr and the FLSA Putative Class Members.

74. Defendant was aware, or should have been aware, that the FLSA required them to pay Carr and the Class Members overtime for all hours worked in excess of 40 hours per workweek.

## VI.     CAUSE OF ACTION - FLSA VIOLATIONS

75. As set forth herein, UniFirst has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

76. UniFirst knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Ward and the FLSA Putative Class Members overtime compensation.

77. UniFirst's failure to pay overtime compensation to these employees was neither reasonable nor was the decision not to pay overtime made in good faith.

78. UniFirst was aware of the requirements of the Fair Labor Standards Act.

79. Accordingly, Carr and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.  JURY DEMAND

80. Carr demands a trial by jury.

## VIII.  RELIEF SOUGHT

81. WHEREFORE, Carr prays for judgment against Defendant as follows:

   a. For an Order certifying the collective pursuant to FLSA, 29 U.S.C. 216(b)

   b. For an Order pursuant to FLSA finding Defendant liable for unpaid back wages due to Ward and all the FLSA Putative Class Members, attorney fees, costs, penalties, and pre- and post-judgement at the highest rates allowed by law; and

   c. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Phillip J. Gordon*
**Philip J. Gordon (BBO #630989)**
**Kristen M. Hurley (BBO #658237)**
**GORDON LAW GROUP, LLP**
585 Boylston Street
Boston, MA 02116
www.gordonllp.com
617-536-1800 – Telephone
617-536-1802 – Facsimile
pgordon@gordonllp.com

9

**Michael A. Josephson\***
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Taylor S. Montgomery**
Texas Bar No. 24106326
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tmontgomery@mybackwages.com
\*(*Pro Hac Vice Forthcoming*)

**Richard J. (Rex) Burch\***
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
**\***(*Pro Hac Vice Forthcoming*)

**ATTORNEYS IN CHARGE FOR PLAINTIFF**